IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERIE SANTAI | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| FRED BEANS FORD, INC., et al. | : | NO. 10-2367 |

MEMORANDUM

Bartle, J.                                                August 16, 2011

      Plaintiff Cherie Santai brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951-963, against defendants Fred Beans Ford, Inc., Fred Beans Hyundai, Fred Beans (Beans), and Elizabeth Beans Gilbert (Gilbert) for employment discrimination based on her sex and pregnancy. She claims she was illegally terminated as the Service Manager at Fred Beans Ford, Inc.[1]  Before the court is the motion of individual defendants Beans and Gilbert for judgment on the pleadings on all claims against them under Rule 12(c) of the Federal Rules of Civil Procedure.

      Beans and Gilbert contend that plaintiff Cherie Santai cannot prevail against them on her claim for employment

---

1. In her complaint, Santai specifically alleges that she worked at Fred Beans Hyundai but reported directly to Beans, the owner and Chief Executive Officer of Fred Beans Ford, Inc.  At present, the relationship between Fred Beans Hyundai and Fred Beans Ford, Inc. is unclear from the record but is irrelevant to the instant motion.

discrimination because Title VII provides no individual liability.  These defendants also argue that Santai's claim under the PHRA must fail because she did not adequately plead accomplice liability and because the Act provides no liability for direct discrimination by individuals.  Finally, in the event that the court finds that Santai may proceed in her suit against them under the PHRA, Beans and Gilbert request that the court decline to exercise supplemental jurisdiction over these claims because they present a novel question of state court law.

   For purposes of a motion to dismiss under Rule 12(c), the movant must "clearly establishe[] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law".  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  In reviewing a Rule 12(c) motion, we must take all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor.  See id.

   A plaintiff must simply state sufficient factual matter to make it plausible that her claim is true.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937 (2009).  A complaint must "give a defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id. at 570.  Thus, the allegations must do more than raise a "'mere possibility of misconduct.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).

Santai alleges that she was terminated from her position as a service manager at a Fred Beans car dealership because she had become pregnant.  She further alleges that she reported directly to defendant Beans, the owner and Chief Executive Officer of the company, and that Beans and Gilbert, the Vice President of the company, made regular statements to her implying that her position had been adversely affected by her pregnancy.  Santai contends that Beans and Gilbert demoted Santai to a lesser position based on her pregnancy and then required Santai to assist with the hiring and training of her replacement, Robert Engle, a male.

Santai timely filed allegations with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC).  On September 15, 2009, the PHRC made a "Finding of Probable Cause" that defendants had unlawfully discriminated against Santai by terminating her based on her sex and pregnancy.  Thereafter, Santai received "right to sue" letters from both the PHRC and the EEOC and thereafter filed this complaint.  She brings claims for violation of the pregnancy discrimination provisions of Title VII of the Civil Rights Act of 1964 (count 1), violation of the pregnancy discrimination

provisions of the PHRA (count 2), and violation of the sex discrimination provisions of the PHRA (count 3).

Defendants Beans and Gilbert first maintain that Santai's claim against them under Title VII must fail because only employers and not individuals may be found liable for employment discrimination under that law.  See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996). Santai concedes that Title VII does not provide for liability against individuals and has withdrawn her claims against defendants Beans and Gilbert under that statute.  Accordingly, we will grant their motion as to Santai's claims under Title VII.

Defendants Beans and Gilbert also contend that Santai's claims under the PHRA are fatally flawed.  Although they concede that they are supervisory employees who could be liable under the PHRA for aiding and abetting employment discrimination under § 955(e), Beans and Gilbert contend that the complaint does not make allegations specific to aiding and abetting and, thus, Santai cannot prevail.  They also assert that the PHRA establishes individual liability only for failure to prevent discrimination and not for the type of direct discriminatory acts which Beans and Gilbert are alleged to have committed.

Section 955(e) of the PHRA states that it is an unlawful discriminatory practice "[f]or any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice."  43 Pa. Cons.

Stat. § 955(e) (emphasis added).  Our Court of Appeals has held that individuals can held liable for claims for aiding and abetting brought under the PHRA.  See Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996).

Defendants argue that Santai's complaint does not plead a valid claim under § 955(e) because she has not specifically cited the section number or used the phrase "aiding and abetting." Moreover, they maintain that, even if Santai's claims are pled with adequate specificity, they must fail because § 955(e) does not provide a basis of liability against individual defendants for direct discriminatory action but only for failure to prevent or remedy discrimination.

While Santai concedes that she did not use the words "aiding and abetting" or cite to the specific section of the PHRA, she counters that she has pleaded sufficient facts to give notice to defendants Beans and Gilbert of a claim for accomplice liability under this provision of the PHRA.  In her complaint, Santai gave defendants notice of claims under the PHRA against them as individuals and included numerous detailed factual allegations setting forth the material points of the allegations against Beans and Gilbert.

The complaint alleges specifically that Beans asked Santai if having another child would interfere with her work hours, that Beans and Gilbert regularly made statements to Santai that her position had been negatively impacted by her pregnancy without citing any negative performance, and that Beans and

Gilbert directly informed Santai that neither a pregnant woman nor a new mother could hold the position of Service Manager.  The complaint further asserts that Beans told Santai that he was demoting her based on her pregnancy and warned her not to sue based on that demotion.  It also states that Gilbert advised Santai that she would need to move to a different position at the company in anticipation that Santai might be unable to work while pregnant.  Finally, the complaint alleges that Beans and Gilbert directly made the decision to terminate Santai.

Santai has given defendants Beans and Gilbert fair notice of the basis of her claim against them.  Although Santai did not specifically cite § 955(e) or use the words "aiding and abetting," her complaint is sufficient.  Section 955(e) is the sole basis of individual liability in the PHRA.  Moreover, the complaint describes in detail all the actions of Beans and Gilbert which Santai alleges as a basis of that liability.

Additionally, the "aiding and abetting" provisions of the PHRA encompass the types of direct discriminatory acts by supervisors which Santai's complaint describes.  While recognizing that courts in our district have found § 955(e) claims to encompass alleged direct acts of discrimination, Beans and Gilbert have urge us to adopt the ruling of Judge Lancaster of the Western District of Pennsylvania who found that direct acts of discrimination would not constitute "aiding and abetting" under the PHRA.  See Stepp v. Fairpoint Communications, Inc., Civ. A. No. 06-576, 2007 U.S. Dist. LEXIS 88302, at *22-23 (W.D.

Pa. Nov. 30, 2007). They contend that this reasoning is in line with our Court of Appeals' decision in Dici v. Pennsylvania. See 91 F.3d 542 (3d Cir. 1996). We disagree.

In Dici, the Court of Appeals for the Third Circuit held that a non-supervisory employee could not be liable on an aiding and abetting theory for his own direct acts of discrimination. See id. at 552-53. In that case, the plaintiff brought a claim against her alleged harasser as an accomplice in addition to her claim against her employer. The court rejected this individual claim because it required that the employee have a mens rea of intending to aid and abet his employer in a violation of neglect. Id. at 553. It agreed with the court in Tyson v. CIGNA Corp., 918 F. Supp. 836, 841 (D.N.J. 1996), that "a non-supervisory employee who engages in discriminatory conduct cannot be said to 'intend' that his employer fail to respond." Dici, 91 F.3d at 553.

The instant case differs from Dici because the individual defendants here, Beans and Gilbert, were Santai's supervisors. As the court in Tyson explained, non-supervisory employees cannot be liable for aiding and abetting their employer's discrimination through direct discriminatory acts because they do not share the intent and purpose of their employer. See Tyson, 918 F. Supp at 840-41. However, in our view, a supervisory employee can be found to share the intent and purpose of his or her employer and therefore can be found liable under § 955(e) for direct acts of discrimination including the

ultimate decision to terminate an employee for an unlawful reason.  Numerous other courts in our district have reached the same conclusion.  See, e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc., 720 F. Supp. 2d 694, 705-06 (E.D. Pa. 2008); Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C., 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998); Wien v. Sun Company Inc., Civ. A. No. 95-7646, 1997 U.S. Dist. LEXIS 19220 (E.D. Pa. Nov. 21, 1997); Glickstein v. Neshaminy School District, Civ. A. No. 96-6236, 1997 U.S. Dist. LEXIS 16317,*11-13 (E.D. Pa. Oct. 22, 1997).

Here, Santai has alleged that Beans and Gilbert, on behalf of defendant Fred Beans Ford, Inc., directly made the decision to terminate her employment based on improper discriminatory reasons for her employer.  In doing so, their intent and purpose would be synonymous with the intent and purpose of Santai's corporate employer.  Indeed, Beans and Gilbert are alleged to hold the most senior management positions at Fred Beans Ford and exert unfettered decision-making authority on behalf of the company.  Accordingly, Beans and Gilbert may be found liable for aiding and abetting discrimination under § 955(e) of the PHRA based on their own direct acts.

Defendants Beans and Gilbert have also urged us to decline the exercise of supplemental jurisdiction over these claims in the interest of comity because the interpretation of the PHRA's aiding and abetting provisions is a novel question of state law.  This court has supplemental jurisdiction under 28

U.S.C. § 1367 "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  There is a presumption in favor of exercising such supplemental jurisdiction over state law claims based on "[c]onsiderations of judicial economy, convenience and fairness to litigants."  West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715 (1966)).  Beans and Gilbert have provided no explanation to the court regarding how Santai's claims against them are novel or complex, especially in light of the numerous courts in this district which have exercised supplemental jurisdiction in these circumstances.  There is no valid reason to require Santai to pursue a claim based on nearly identical facts in a separate state court proceeding.  Accordingly, we will deny the motion to dismiss Santai's claims under the PHRA.